IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL POWELL,                          :        Civil No. 3:17-cv-1387
                                      :
           Petitioner                 :        (Judge Mariani)
                                      :
     v.                               :
                                      :
SCI-MAHANOY SUPERINTENDENT,           :
et al.,                               :
                                      :
           Respondents                :

## MEMORANDUM

### I.    Background

Petitioner Paul Powell ("Petitioner"), an inmate currently confined at the Mahanoy

State Correctional Institution, in Frackville, Pennsylvania, filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Presently pending before the Court

is Petitioner's second motion for appointment of counsel. (Doc. 23). For the following

reasons, the Court will deny the motion.

### II.   Discussion

Although prisoners have no constitutional or statutory right to appointment of counsel

in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 772, 752 (1991),

the Court has broad discretionary power to appoint counsel to a financially eligible habeas

petitioner if "the interests of justice so require. . ." *See* 18 U.S.C. § 3006A(a)(2);[1] *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *aff'd*, 275 F.3d 33 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a petitioner overcomes this threshold hurdle, other factors to be examined are:

1.  the claimant's ability to present his or her own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation;
4.  the claimant's capacity to retain counsel on his or her own behalf;
5.  the extent to which the case is likely to turn on credibility determinations; and
6.  whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

---

[1]   Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

On July 30, 2018, the Court previously denied a similar motion for appointment of counsel filed by Petitioner. (*See* Docs. 19, 20). Since the entry of that Order, Petitioner has continued to demonstrate a reasonable ability to litigate this action *pro se.* Furthermore, his latest motion fails to set forth sufficient special circumstances or factors which would warrant the appointment of counsel. *See Tabron*, 6 F.3d at 153, 155-57. Instead, Petitioner simply states that he does not believe he can properly represent himself in this matter. (Doc. 23). However, thus far, Petitioner has demonstrated the ability to properly and forcefully prosecute his claims with adequate factual investigation and appropriate arguments in support of his claims. Moreover, the Court notes that it does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Petitioner will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Petitioner's apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motion for appointment of counsel will be denied, however the denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

3

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Petitioner.

A separate Order shall issue.

Date: March __/__ , 2019

Robert D. Mariani
United States District Judge