IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL POWELL, | Civil No. 3:17-cv-1387 |
| Petitioner | (Judge Mariani) |
| v. | |
| SCI-MAHANOY SUPERINTENDENT, et al., | |
| Respondents | |

## MEMORANDUM

Petitioner Paul Powell ("Powell") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence imposed in the Court of Common Pleas of Luzerne County, Pennsylvania. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

### I. Factual and Procedural Background

On February 5, 1990, Roy Myran was shot outside a bar in Wilkes-Barre, Pennsylvania. (Doc. 27-1, p. 14). Powell and his brother, Robert Powell, were arrested and charged with killing Myran. On October 8, 1991, following a bench trial in the Court of Common Pleas of Luzerne County, the brothers were each convicted of first-degree murder, among other charges, in the homicide of Myran. (Doc. 27-1, pp. 4-5). On May 20, 1993, each brother was sentenced to life in prison. (Doc. 27-1, p. 51).

After the judgments of sentence were imposed, Powell filed a timely direct appeal to

the Pennsylvania Superior Court. (Doc. 27-1, p. 56). On January 17, 1995, the Superior Court affirmed the judgment of sentence. (Doc. 27-1, pp. 63-71; *Commonwealth v. Powell*, 660 A.2d 124 (Pa. Super. 1995)). Powell filed a petition for allowance of appeal to the Pennsylvania Supreme Court. (Doc. 27-2, pp. 1-37). On September 15, 1995, the Pennsylvania Supreme Court denied the petition. (Doc. 27-2, pp. 38; *Commonwealth v. Powell*, 542 Pa. 634, 665 A.2d 469 (Pa. 1995) (table decision)).

On January 15, 1997, Powell filed a timely *pro se* PCRA petition. (Doc. 27-2, pp.1-37). The PCRA court subsequently appointed counsel. *See Commonwealth v. Powell*, 2016 WL 5865855, at *1 (Pa. Super. Aug. 11, 2016). Powell thereafter filed a petition to obtain substitute counsel, which the court denied. *See id.* Powell then filed a petition to proceed *pro se*. *See id.* Following a hearing on September 9, 1998, the PCRA court permitted counsel to withdraw, and further permitted Powell to file an amended PCRA petition *pro se*. *See id.* On October 5, 1998, Powell filed an amended *pro se* PCRA petition. *See id.* On March 16, 2000, the PCRA court denied relief. *See id.* On March 29, 2000, Powell filed a *pro se* notice of appeal with the Pennsylvania Superior Court. *See id.* On December 4, 2001, the Superior Court vacated the order dismissing Powell's amended PCRA petition and remanded the matter for appointment of counsel. *Commonwealth v. Powell*, 787 A.2d 1017 (Pa. Super. 2001).

On January 18, 2002, the PCRA court appointed counsel for Powell. *See*

*Commonwealth v. Powell*, Nos.1990-904/5 (Luzerne Cty. Ct. Aug. 26, 2002). On July 17, 2002, a PCRA hearing was held, and on August 26, 2002, the PCRA court dismissed the amended PCRA petition. *See id.* Powell then filed a *pro se* appeal to the Superior Court. (*See* Doc. 27-2, p. 39). On October 29, 2003, the Superior Court affirmed the PCRA court's order, and the Pennsylvania Supreme Court denied allowance of appeal. (Doc. 27-2, pp. 39-65, 67; *Commonwealth v. Powell*, 841 A.2d 578 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 864 A.2d 1204 (Pa. 2005)).

On March 31, 2005, Powell filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his Luzerne County Court of Common Pleas conviction and sentence. *See Powell v. Wynder*, No. 3:05-cv-647 (M.D. Pa.). On September 30, 2008, Powell's § 2254 habeas corpus petition was denied on the merits. *Id.* at (Doc. 66). Powell then filed a request for a certificate of appealability in the United States Court of Appeals for the Third Circuit. *Powell v. Wynder, et al.*, No. 08-4196 (3d Cir.). On October 8, 2009, the Third Circuit Court of Appeals denied the request for a certificate of appealability. *See id.* Powell filed a petition for writ of certiorari to the United States Supreme Court. *See id.* On October 4, 2010, the United States Supreme Court denied the petition for writ of certiorari. *See id.*

On or about January 2, 2014, Powell filed a serial PCRA petition. (Doc. 27-4, pp. 1-15). On May 12, 2014, Powell filed an amended PCRA petition and, with leave of court, a

second amended petition on June 20, 2014. (Doc. 27-4, pp. 16-23). In the petition, Powell claimed that an eyewitness to the murder, Charles Eckhart, came forward with new information, and that a new witness to the murder, Stanley Petroski, came forward. (*Id.*). On December 14, 2014, the PCRA court held a hearing. (Doc. 27-4, pp. 46-74). At the hearing, trial counsel testified that the defense theory was intoxication, arguing that Powell was too drunk to form the intent necessary for first degree murder. (Doc. 27-4, pp. 49-52, N.T. at 9-19). Additionally, Powell and his brother Robert testified, as well as Charles Eckhart and Stanley Petroski. (Doc. 27-4, pp. 60-62, 69-71, N.T. at 51-52, 56-60, 90-95). On May 12, 2015, following the evidentiary hearing, the PCRA court dismissed the petition as untimely. (Doc. 27-5, p. 6). Powell filed a notice of appeal to the Pennsylvania Superior Court. (Doc. 27-5, p. 7). On August 11, 2016, the Superior Court affirmed the PCRA court's dismissal of the petition. (Doc. 27-6, pp. 22-32; *Commonwealth v. Powell*, 2016 WL 5865855 (Pa. Super. Aug. 11, 2016)). The Superior Court found that the PCRA petition was untimely and that Powell failed to prove an exception to the time bar. *Commonwealth v. Powell*, 2016 WL 5865855, at *2-5. Specifically, the Superior Court agreed with the PCRA's court determination that Charles Eckhart's testimony was cumulative evidence of Powell's intoxication, and therefore, Powell failed to prove that Charles Eckhart's October 2013 statement constituted after-discovered facts that could render the serial petition timely. *Id.* at *4. The Superior Court further noted that although Stanley Petroski was unavailable

4

to Powell and the Commonwealth at the time of trial, Powell was able to admit Stanley Petroski's written statement wherein he stated his belief that Powell was drunk on the night of the murder. *Id.* After the Superior Court issued its decision, Powell filed a petition for allowance of appeal *nunc pro tunc* with the Pennsylvania Supreme Court. (Doc. 27-6, pp. 45-46). On March 28, 2017, the Pennsylvania Supreme Court denied the petition for leave to file a petition for allowance of appeal *nunc pro tunc*. (Doc. 27-6, p. 57, *Commonwealth v. Powell*, 15 MM 2017 (Pa.)).

On August 2, 2017, Powell filed the instant federal habeas petition. (Doc. 1).

## II. Second or Successive Habeas Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), specifically provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (if a petitioner does not receive the required authorization from the court of appeals before filing a second or successive petition, the district court is "without jurisdiction to entertain it"); *Robinson v. Johnson*, 313 F.3d 128 (3d Cir. 2002) (holding that, absent an order from the circuit court granting leave to a petitioner, a district court does not have subject matter jurisdiction to entertain a petition for writ of habeas corpus that it deems to be a second or

5

successive petition). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the Court of Appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's requirements, which are set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3)(C).

Section 2244(b)'s requirement that prisoners obtain authorization from the appropriate court of appeals before filing "a second or successive habeas corpus application under section 2254" with the district court is jurisdictional. *Burton v. Stewart*, 549 U.S. 147, 149 (2007). Here, Powell has not obtained, or sought to obtain, any authorization from the Third Circuit. Therefore, this Court must first determine whether the instant petition is subject to § 2244(b)'s requirements, since Powell has already litigated one federal habeas corpus petition with this Court.

## III. Discussion

Presently before the Court is Powell's second § 2254 habeas petition challenging his Luzerne County Court of Common Pleas conviction and sentence. Powell filed his first petition in this Court on March 31, 2005. *See Powell v. Wynder*, No. 3:05-cv-647 (M.D. Pa.). On September 30, 2008, the § 2254 petition was denied on the merits. *Id.* at (Doc. 66). Following denial of his petition, Powell sought a certificate of appealability from the Third Circuit Court of Appeals. *Powell v. Wynder, et al.*, No. 08-4196 (3d Cir.). On October 8, 2009, the Third Circuit Court of Appeals denied the request for a certificate of

appealability. *See id.* Powell then filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 4, 2010. *See id.* Powell did not file an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244 in the Third Circuit Court of Appeals.

A habeas petition is not a "second or successive" petition simply because it is the second or later-in-time petition which the petitioner has filed after his initial conviction. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Instead, a petition's status as a successive petition depends on whether it challenges the same judgment which was challenged in a previous habeas petition decided on the merits or dismissed with prejudice. *Id.* at 333-34. Where there is an intervening judgment between the denial of the first habeas petition and the filing of the second habeas petition, the second petition attacks a new judgment and is therefore not "second or successive" for the purposes of § 2244. *Id.* at 339.

> As Justice Thomas wrote in *Magwood*:
>
> AEDPA's text commands a more straightforward rule: where, unlike in *Burton*, there is a "new judgment intervening between the two habeas petitions," 549 U.S., at 156, 127 S. Ct. 793, an application challenging the resulting new judgment is not "second or successive" at all.

Id. at 341-342.

However, if the petitioner is challenging the same state court judgment that he already challenged, or could have challenged in a previous federal habeas petition, the district court

7

must evaluate whether the petitioner's actions constitute an abuse of writ in determining whether the petition is "second or successive" under § 2244(b). *See Magwood*, 561 U.S. at 336 n. 11 (explaining that *Magwood* does not abrogate the application of abuse-of-the-writ principles to second-in-time petitions attacking the same judgment:

> This case does not require us to determine whether § 2244(b) applies to every application filed by a prisoner in custody pursuant to a state-court judgment if the prisoner challenged the *same* state-court judgment once before. Three times we have held otherwise. See *Slack v. McDaniel*, 529 U.S. 473, 487, 120 S.Ct. 1595 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed. 2d 849 (1998); *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L.Ed. 2d 662 (2007)).

Powell appears to argue that the instant habeas petition is not a second or successive petition because his claims involve newly discovered evidence; specifically, statements from Stanley Petroski and Charles Eckhart. (Doc. 32, pp. 3-4; *see also* Doc. 1, p. 14). The United States Supreme Court has expressly rejected this "claim-by-claim" approach that Powell uses to support his position. *Magwood*, 561 U.S. at 334.[1] Further, the Supreme Court has held that the "second or successive" determination is made as to a petition as a whole, not as to claims within a petition. *Id.* ("AEDPA uses the phrase 'second or successive' to modify 'application[,]' . . . [not] to modify 'claims.'"). In addressing this issue, the Third Circuit Court of Appeals has found that "the Supreme Court decision [in

---

[1]The Court in *Magwood* observed that § 2244(b) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.' § 2244(b)(2)(B)(ii)."

*Magwood]* makes clear that 'a habeas petition is deemed initial or successive by reference to the *judgment* it attacks—not which *component* of the judgment it attacks or the nature or genesis of the *claims* it raises.'" *In re Brown*, 594 F. App'x 726, 730 (3d Cir. 2014) (citing and disagreeing with *Suggs v. United States*, 705 F.3d 279, 287-88 (7th Cir. 2013)).

In the instant action, Powell is challenging the same judgment of sentence that he contested in his March 31, 2005 habeas petition docketed at Civil Action No. 05-647. *See Magwood*, 561 U.S. at 331-33 (holding that the phrase "second or successive" refers to a habeas petition that challenges a judgment that was at issue in a prior habeas petition). With respect to the allegedly newly-discovered evidence, the claims could have been, and to some extent were, raised in Powell's previous habeas corpus petition, which was denied on the merits. In his first habeas petition, Powell specifically challenged the testimony of Charles Eckhart. *See Powell v. Wynder*, 2008 WL 4453219. Furthermore, the state courts found that the present claims related to Stanley Petroski and Charles Eckhart were known to Powell at the time of trial. In addressing these claims, the Superior Court adopted the following reasoning of the PCRA court:

> what cannot be ignored is that the facts upon which [Powell's] claims are predicated were known to [him] at the time of the trial. The record reveals that while Mr. Petroski was unavailable to both the Commonwealth and the defendants at the time of the trial, the trial court allowed the defendants to

> present the written statement of Mr. Petroski. Mr. Eckhart was available and testified at the trial of this matter. The statement he provided in October 2013 and his testimony at the [PCRA hearing] is merely corroborative or cumulative of the other testimony already presented to the fact finder.

Commonwealth v. Powell, 2016 WL 5864406, at * 4 (citing PCRA Court Opinion 5/12/15, at 5-6). The record demonstrates that Powell raised his claims related to Stanley Petroski and Charles Eckhart on direct appeal, and in his 1998 and 2014 PCRA petitions, and the state courts explicitly determined that these claims were known to Powell at the time of trial. (See Doc. 27-4, pp. 16-22; Doc. 32, pp. 7-16; see also Commonwealth v. Powell, 2016 WL 5865855). Therefore, these claims were available to Powell well before filing the instant habeas petition in August 2017.

Accordingly, the instant petition is a "second or successive" petition within the meaning of 28 U.S.C. § 2244. Because Powell did not obtain permission from the Third Circuit Court of Appeals to file the instant petition, the Court will dismiss the petition for lack of jurisdiction.[2] See 28 U.S.C. § 2244(b)(1).

---

[2] To the extent that Powell seeks relief pursuant to Federal Rule of Civil Procedure 60(b), and requests this Court to re-open his original § 2254 habeas action, the proper avenue would be the filing of a Rule 60(b) motion for relief from judgment in the 2005 habeas corpus action. The Court expresses no opinion as to the ultimate success of any motion Powell may file.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether the instant petition should be dismissed for lack of jurisdiction. As such, a certificate of appealability will not issue.

## V. Conclusion

Based on the foregoing, Powell's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed for lack of jurisdiction. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Date: November 6, 2019